**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001027
30-JAN-2013
10:32 AM**

NO. CAAP-11-0001027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KALEO P. GOO-VIDINHA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CR. NO. 1P109-10233)


MEMORANDUM OPINION
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Kaleo Goo-Vidinha (Goo-Vidinha) appeals from the Notice of Entry of Judgment And/Or Order entered October 25, 2011 by the District Court of the First Circuit, Honolulu Division[1] (district court). The district court found Goo-Vidinha guilty of assault in the third degree, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a)[2] and sentenced him to five days in jail.

On appeal Goo-Vidinha contends the district court erred when it:

(1) denied his Motion to Withdraw Waiver of Jury Trial;

---

[1] The Honorable Russel Nagata presided.

[2] HRS § 707-712(1)(a) (1993) provides in relevant part, "A person commits the offense of assault in the third degree if the person intentionally, knowingly, or recklessly causes bodily injury to another person[.]"

(2) abused its discretion in denying his Motion to Compel Discovery of complaining witness's juvenile records; and

(3) convicted him despite the lack of substantial evidence to refute his justification of self-defense.

## I.  BACKGROUND

On September 28, 2009, the complaining witness and Goo-Vidinha's girlfriend were involved in a verbal altercation at Campbell High School.  Goo-Vidinha's girlfriend sent Goo-Vidinha a text message asking him to come to the school.  The girlfriend testified that while waiting for Goo-Vidinha to arrive, the complaining witness was cutting her own wrist with a razor blade. Goo-Vidinha, aware of past issues between his girlfriend and the complaining witness, rushed to the school.

According to the complaining witness, when Goo-Vidinha arrived at the scene, she proceeded to leave.  The complaining witness testified that she heard a male voice yell obscenities at her as she was walking away.  Complaining witness testified Goo-Vidinha grabbed her neck, turned her around, and choked her for a few seconds before flinging her to the ground.  A teacher testified that she saw Goo-Vidinha throw the complaining witness to the ground.

Goo-Vidinha and his girlfriend testified that upon Goo-Vidinha's arrival, the complaining witness and his girlfriend were engaged in a verbal altercation.  According to the girlfriend, the complaining witness began yelling threatening obscenities.  Goo-Vidinha testified the complaining witness began walking towards Goo-Vidinha and his girlfriend.  According to Goo-Vidinha, the complaining witness approached him and he grabbed the pressure points of her neck to keep her away from his girlfriend.  After he grabbed her neck, Goo-Vidinha said the complaining witness fell to the ground.

A teacher brought the complaining witness into her classroom and tended to her bleeding wrist.

## II.   STANDARDS OF REVIEW

### A. Validity of waiver

> The validity of a criminal defendant's waiver of his
> or her right to a jury trial presents a question of state
> and federal constitutional law.  Questions of constitutional
> law are reviewed *de novo* under the right/wrong standard,
> with the appellate court exercising its own independent
> constitutional judgment based on the facts of the case.

State v. Myers, 108 Hawai'i 300, 303, 119 P.3d 608, 611 (App.
2005) (internal quotation marks, citations, and brackets omitted)
(citing to State v. Friedman, 93 Hawai'i 63, 67, 996 P.2d 268,
272 (2000)).

The validity of a defendant's waiver of the right to a
jury trial is reviewed "under the totality of the circumstances
surrounding the case, taking into account the defendant's
background, experience, and conduct."  Friedman, 93 Hawai'i at
70, 996 P.2d at 275.

### B.   Substantial evidence in a jury-waived trial

Substantial evidence as to every material element of
the offense charged is "credible evidence which is of sufficient
quality and probative value to enable a person of reasonable
caution to support a conclusion.  And as trier of fact, the trial
judge is free to make all reasonable and rational inferences
under the facts in evidence, including circumstantial evidence."
State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996)
(brackets omitted) (quoting State v. Pone, 78 Hawai'i 262, 265,
892 P.2d 455, 458 (1995)).  Also, "[i]t is evidence which a
reasonable mind might accept as adequate to support such a
conclusion."  State v. Naeole, 62 Haw. 563, 565, 617 P.2d 820,
823 (1980).  Further, in reviewing whether substantial evidence
exists to support a conviction, due deference must be given to
the right of the trier of fact to "determine credibility, weigh
the evidence, and draw justifiable inferences of fact from the
evidence adduced."  Id.  The Hawai'i Supreme Court has held that
"[t]he mind of an alleged offender may be read from his acts,

3

conduct, and inferences fairly drawn from all the circumstances."
<u>Eastman</u>, 81 Hawaiʻi at 141, 913 P.2d at 67.

## III.  DISCUSSION

### A.

At a hearing held November 10, 2009, Goo-Vidinha
orally waived his right to a jury trial and presented a signed
waiver of this right.  The district court conducted a colloquy on
the record as follows:

> [Goo-Vidinha's Counsel]: Mr. Goo-Vidinha is present in
> court with counsel.  And may I approach with the waiver
> form, Your Honor.
>
> The Court: Okay.
>
> [Goo-Vidinha's Counsel]: Waiving jury trial, ask the
> matter be set for trial.
>
> The Court: okay.  Mr. Goo-Vidinha, how old are you?
>
> [Goo-Vidinha]: 18.
>
> The Court: You're a high school graduate?
>
> [Goo-Vidinha]: No.
>
> The Court: In the past 24 hours, have you taken any
> alcohol, medication, or drugs?
>
> [Goo-Vidinha]: No.
>
> The Court: Is your mind clear today?
>
> [Goo-Vidinha]: Yes, Your Honor.
>
> The Court: You understand -- let me tell you what a
> jury trial is.  Jury trial is where 12 people from the
> community determine whether you're guilty or not guilty.
> Before you can be found guilty, all 12 would have to agree
> beyond a reasonable doubt that you're guilty.  You and your
> attorney would have a right to help select those 12 people.
> If you waive your right to a jury trial, only a judge would
> decide your case.  You understand that?
>
> [Goo-Vidinha]: Yes.
>
> The Court: And you read the form?
>
> [Goo-Vidinha]: Yes.
>
> The Court: You understand it?
>
> [Goo-Vidinha]: Yes.

4

The Court: You've gone over this with your attorney?

[Goo-Vidinha]: (No audible response.)

The Court: Is this your signature?

[Goo-Vidinha]: Yes.

The Court: Are you voluntarily waiving your right to jury trial?

[Goo-Vidinha]: Yes.

The Court: Okay. Court finds knowing, voluntary, intelligent waiver to jury trial. Waiver form acknowledged with the Court. Set this for trial.

On June 21, 2011, Goo-Vidinha filed a Motion to Withdraw Waiver of Jury Trial. On June 23, 2011, the district court heard and denied Goo-Vidinha's Motion to Withdraw Waiver of Jury Trial. Goo-Vidinha contends the district court abused its discretion in denying his Motion to Withdraw Waiver of Jury Trial because he did not knowingly and intelligently waive his right to a jury trial.

A defendant may relinquish his right to a jury trial through a knowing, intelligent, and voluntary waiver. Friedman, 93 Hawai'i at 68, 996 at 273. In order to ensure the validity of such a waiver, a court must conduct a colloquy on the record advising the defendant of his rights. Id. "The failure to obtain a valid waiver of this fundamental right constitutes reversible error." Friedman, 93 Hawai'i at 68, 996 P.2d at 273 (citing State v. Ibuos, 75 Haw. 118, 120, 857 P.2d 576, 577 (1993)).

In considering the validity of a jury trial waiver under the totality of the circumstances, a salient factor is whether the defendant has demonstrated a "special disadvantage or disability" in the record that indicates he required a more extensive colloquy to ensure understanding. State v. Myers, 108 Hawai'i 300, 304, 119 P.3d 608, 612 (App. 2005) (citing United States v. Duarte-Higareda, 113 F.3d 1000 (9th Cir. 1997) (not

5

speaking English as a salient fact of disadvantage or disability); See also, United States v. Christensen, 18 F.3d 822, 825 (9th Cir. 1994) (mental illness as a salient fact of disadvantage or disability). The defendant bears the burden of showing the waiver was involuntary by a preponderance of evidence. Friedman, 93 Hawai'i at 69, 996 P.2d at 274. A court ascertains the validity of the waiver by "taking into account the defendant's background, experience, and conduct." Id. at 70, 996 P.2d at 275.

Goo-Vidinha contends that his lack of education and inadequate advisement from counsel are salient facts indicating he did not knowingly and intelligently waive his right during the November 10, 2009 colloquy. The district court asked whether Goo-Vidinha graduated from high school, yet when Goo-Vidinha answered "no," the district court inquired no further. Further inquiry would have disclosed that Goo-Vidinha had only an eighth grade education. His lack of education may have necessitated a more extensive colloquy to ensure the validity of the waiver. See Christensen, 18 F.3d 822, 825-26 (9th Cir. 1994).

In Friedman, the waiver was deemed knowing, intelligent and voluntary where the defendant articulated his understanding of the right to a jury trial and "did not simply acknowledge his right to a jury trial with a simple 'yes'." Friedman, 93 Hawai'i at 70, 996 P.2d at 275. In the instant case, Goo-Vidinha did not articulate any understanding, but simply assented to the district court's inquiries. This simple assent, given his lack of education, raises doubts about what Goo-Vidinha understood about his right to a jury trial.

The record is silent as to any advisements Goo-Vidinha received from his counsel at the time of the waiver. Goo-Vidinha had changed counsel numerous times throughout the litigation and did not recall receiving any advisement on the waiver of a jury trial. In Friedman, defendant's counsel expressly confirmed that

6

he explained the consequences of the waiver to the defendant. See Friedman, 93 Hawai'i at 70, 996 P.2d at 275; State v. Myers, 108 Hawai'i 300, 119 P.3d 608 (App. 2005) (valid waiver where defendant received multiple advisements on the record about waiving the right to jury trial); State v. Barros, 105 Hawai'i 160, 169, 95 P.3d 14, 23 (App. 2004) (the court referred Barros to counsel and counsel acknowledged discussing the waiver); State v. Sprattling, 99 Hawai'i 312, 322, 55 P.3d 276, 286 (2002) (valid waiver where capable counsel confirmed discussion with Sprattling on the issue of waiver). In this case, not only did counsel not expressly confirm any advisement, but during the colloquy when the district court asked Goo-Vidinha if he discussed the waiver with counsel, there was no audible response.

While no factor is singularly conclusive, when reviewed cumulatively the facts support a contention that the lack of education and absence in the record of any counsel advisement are salient facts that show Goo-Vidinha required a more extensive colloquy for him to knowingly and intelligently relinquish this right. See United States v. Fuller, 941 F.2d 993 (9th Cir. 1991) (sixth grade education, limited English proficiency, lack of counsel advisement, and lack of experience in legal system as salient facts of disadvantage or disability).

### B.

Goo-Vidinha contends the Plaintiff-Appellee State of Hawai'i (State) failed to adduce substantial evidence to refute his justification of self defense and defense of others. He specifically challenges the State's reliance on the complaining witness's testimony and maintains that such testimony is not credible evidence to support a conviction. The district court found the complaining witness was walking away when Goo-Vidinha placed his hands on her neck.

A conviction stands so long as there is substantial evidence to support the conclusion of the trier of fact. State

7

v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). The district court, acting as trier of fact, determines the credibility of witnesses and the weight of evidence adduced at trial. State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996). Though Goo-Vidinha maintains the complaining witness's testimony was not credible, an appellate court will not disturb the district court's assessment of credibility. See Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996). Therefore, the district court did not err in finding substantial evidence to support Goo-Vidinha's conviction.

## IV. CONCLUSION

The Notice of Entry of Judgment And/Or Order entered October 25, 2011, in the District Court of the First Circuit, Honolulu Division, is vacated and this case is remanded. Because we vacate and remand, we decline to address Goo-Vidinha's remaining points on appeal as moot.

DATED: Honolulu, Hawai'i, January 30, 2013.

On the briefs:

Thomas R. Waters
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge